# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MARGARET DAY** | **CIV ACTION NO.:  PENDING** |
| **Plaintiff,** | |
| **v.** | |
| **HOME DEPOT U.S.A., INC.** | **FEBRUARY 11, 2022** |
| **Defendant.** | |

## <u>PETITION AND NOTICE OF REMOVAL TO FEDERAL COURT</u>

The undersigned Defendant, Home Depot U.S.A., Inc. ("Home Depot") respectfully petitions this Court for removal of this action from the Superior Court of the State of Connecticut, Judicial District of Hartford ("the State Court Action"), to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1332 (a)(1) and § 1441(a) and allege as follows:

1. Defendant petitions that this action be removed to federal court because the District Court has original jurisdiction based on diversity of citizenship because there is complete diversity of citizenship and the amount in controversy exceeds the minimal jurisdictional amount.

2. On or about January 13, 2022, the Plaintiff served on the Defendant a Complaint returnable to court on February 22, 2022 in the Superior Court of the State of Connecticut, Judicial District of New Haven.  As of the date of this Petition, the Summons and Complaint have not been returned to the Connecticut Superior

Court.  True and correct copies of the Summons and Complaint are attached
hereto as Exhibit A.

3. Upon information and belief, Exhibits A constitute the entirety of the pleadings in
the State Court Action.

4. There are no other defendants in this action.

## Diversity Jurisdiction

5. The State Court Action is a suit of a wholly civil nature of which the United States
District Court for the District of Connecticut has jurisdiction based on diversity of
citizenship under 28 U.S.C. § 1332 (a)(1), and is a suit that may be removed by
Petitioners pursuant to 28 U.S.C. § 1441(b).

6. Specifically, this Court has diversity jurisdiction over this action because:

   a. The Plaintiff, Margaret Day ("Day") is a United States citizen and resides
   in the State of New York and was a citizen of the State of New York at the
   time the Complaint was served on the Defendant;

   b. The Defendant, Home Depot, is a corporation organized under the laws of
   the State of Delaware with its principal place of business located in the
   State of Georgia.  For purposes of diversity jurisdiction, Home Depot is a
   citizen of the states of Delaware and Georgia.  Home Depot is not a
   citizen of the State of Connecticut or the State of New York.

   c. The claim brought by the Plaintiff exceeds the jurisdictional amount in
   controversy requirement for diversity jurisdiction.  If the Plaintiff is
   successful on his claim, any damage award would more likely than not

exceed $75,000[1] for the following reasons:

    i.   The Complaint alleges that on or about February 8, 2020 at approximately 7:30 a.m., the Plaintiff, Caraballo, was a customer at the Defendant's store, which is located at 104 Danbury Road, New Milford, CT, when "she was caused to slip and fall, suddenly and without warning, on an accumulation of snow and/or ice thereat, immediately following which the Plaintiff fell and violently struck the ground."

    ii.  The Complaint also alleges that as a result of the fall, the Plaintiff, Day, suffered "serious and painful personal injuries, some or all of which may be permanent in nature, including, but not limited to the following:

        a.   Injury to the cervical spine;

        b.   Disc Protrusion at C7-T1;

        c.   Injury to the thoracic spine;

        d.   Injury to the left elbow;

        e.   Injury to the left hip;

        f.   Associated pain and suffering.

    iii.  The Complaint also alleges that the Plaintiff, Day, has incurred and will incur in the future expenses for medical care and treatment,

---

[1] The test for determining whether diversity jurisdiction exists is the amount Plaintiff has placed "in controversy" based on allegations in the Complaint.  This is true whether or not Plaintiff's claims have any merit.  Consequently, Home Depot's removal of this action cannot be construed as an admission of liability, or an admission that Plaintiff, if successful in her claims, is entitled to more than $75,000.00 in damages.

including x-rays, diagnostic testing, medication, treatment and therapy.

iv.   The Complaint further alleges that the Plaintiff, Day, "suffered mental anguish, frustration and anxiety over the fact that she was and remains injured."

v.   The Complaint further alleges that the Plaintiff, Day, was prevented from attending to the duties of her occupation, which has caused her financial loss and damages.

vi.   The Complaint further alleges that "the Plaintiff has suffered and will continue to suffer in the future from a decrease in her capacity to engage in and enjoy life's activities as she was able to do prior to the aforementioned fall and resulting injuries."

vii.   In regards to damages, and pursuant to the pleading requirements of Connecticut Superior Court, the Statement of Amount in Demand expressly indicates that "the Plaintiff claims damages in excess of the sum of Fifteen Thousand Dollars"

7.   The United States District Court for the District of Connecticut embraces the place, New Haven, Connecticut, where the State Court Action is being brought.

8.   The State Court Action is therefore one over which the United States District Court for the District of Connecticut has original jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332(a)(1), and this action may be removed to this Court by Petitioner pursuant to 28 U.S.C. § 1441(a).

9.   This petition is being filed pursuant to 28 U.S.C. § 1446 (b) within thirty days (30)

from the date of first service of the Complaint upon the Defendant, Home Depot.

10. Written notice of this filing of this Notice of Removal will be served on Plaintiff pursuant to 28 U.S.C. § 1446(d).

11. This Notice of Removal has been signed pursuant to Fed. R. Civ. P. 11.

   **WHEREFORE,** the Defendant respectfully requests that this action be removed from the Superior Court for the State of Connecticut, Judicial District of Hartford, to the United States District Court for the District of Connecticut.

DEFENDANT,
HOME DEPOT U.S.A., INC.

By: _/s/  James A. Mahar_
   James A. Mahar, Esq. (CT21854)
   Ryan Ryan Deluca LLP
   1000 Lafayette Blvd., Suite 800
   Bridgeport, CT 06604
   Juris No.: 411425
   Phone:  203-549-6650
   Fax: 203-549-6655
   jamahar@ryandelucalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

A copy of this notice will be sent via regular mail to all counsel and pro se parties of record, as follow:

Garrett Denniston, Esq.
Lynch, Traub, Keefe & Errante, P.C.
52 Trumbull Street
P.O. Box 1612
New Haven, CT 06510
GDennison@ltke.com


/s/James A. Mahar
James A. Mahar, Esq.

Document2
900.101

# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1  Rev. 1-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

Instructions are on page 2.

| | For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. | **STATE OF CONNECTICUT SUPERIOR COURT** www.jud.ct.gov |
|---|---|---|

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 235 Church Street, New Haven  06510 | ( 203 ) 503 – 6800 | February 22, 2022 |

| ☒ Judicial District | G.A. | At (City/Town) | Case type code (See list on page 2) | |
|---|---|---|---|---|
| ☐ Housing Session | Number: | New Haven | Major: T | Minor: 11 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Lynch, Traub, Keefe & Errante, 52 Trumbull Street, New Haven  06510 | 034876 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| ( 203 ) 787 – 0275 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. ☐ Yes ☒ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) |
|---|---|

| Parties | | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|---|
| First plaintiff | Name: | Day, Margaret | P-01 |
| | Address: | 413 Leedsville Road, Amenia, New York | |
| Additional plaintiff | Name: | | P-02 |
| | Address: | | |
| First defendant | Name: | Home Depot, U.S.A. Inc. 2455 Paces Ferry Road, Atlanta, GA | D-01 |
| | Address: | Agent for Service: Corporation Service Company, 100 Pearl Street, 17th floor, MC-CSC1, Hartford, CT | |
| Additional defendant | Name: | | D-02 |
| | Address: | | |
| Additional defendant | Name: | | D-03 |
| | Address: | | |
| Additional defendant | Name: | | D-04 |
| | Address: | | |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. You are being sued. This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney. The court staff is not allowed to give advice on legal matters.

| Date | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court | Name of person signing |
|---|---|---|---|
| 01/05/2022 | | ☐ Clerk | Garrett Denniston |

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | A TRUE COPY ATTEST: |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | ELIZABETH A OSTROWSKI CONNECTICUT STATE MARSHAL AN INDIFFERENT PERSON |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|
| | | | |

Page 1 of 2

1-14-2022

20200258508

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612
(203) 787-0275 • JURIS NO. 3406

◇ RETURN DATE:      FEBRUARY 22, 2022          :          SUPERIOR COURT

MARGARET DAY                                   :          J.D. OF NEW HAVEN

V.                                             :          AT NEW HAVEN

HOME DEPOT USA, INC.                           :          JANUARY 5, 2022

## COMPLAINT

1.      The Plaintiff, MARGARET DAY, is and was at all relevant times a resident of the town of Amenia, New York.

2.      The Defendant, HOME DEPOT USA, INC., is and was at all relevant times a foreign corporation doing business in the State of Connecticut.

3.      At all relevant times, HOME DEPOT USA, INC., owned, possessed, leased, maintained and/or controlled property located at or in the vicinity of 104 Danbury Road, New Milford, Connecticut, including a parking lot thereon (hereinafter "the premises").

4.      On February 8, 2020, at approximately 7:30 a.m., the Plaintiff was lawfully present on the premises, parked and attempted to exit her vehicle.

5.      Then and there, as the Plaintiff exited her vehicle, she was caused to slip and fall, suddenly and without warning, on an accumulation of snow and/or ice thereat, immediately following which the Plaintiff fell and violently struck the ground.

◇

6.     The aforementioned fall was a direct and proximate result of the negligence and carelessness of HOME DEPOT USA, INC. in that he:

    a. Failed to apply sand, salt, or any other abrasive material to remove and/or ameliorate the snow and/or ice accumulation and/or prevent the accumulation of snow and or ice upon which the Plaintiff fell;

    b. Failed to clear, through shoveling, scraping, or otherwise, the accumulation of snow or ice upon which the Plaintiff fell;

    c. Failed to timely or reasonably inspect the premises for dangerous walking hazards, including the accumulation of snow and/or ice upon which the Plaintiff fell;

    d. Failed to place signage or other visual warnings in the vicinity of the dangerous accumulation of snow and/or ice upon which the Plaintiff fell to alert the Plaintiff and other lawfully present persons to the presence of the same;

    e. Failed to barricade or otherwise block off that area containing the dangerous accumulation of snow and/or ice upon which the Plaintiff fell;

    f. Failed to create a detour for pedestrians around that area containing the dangerous accumulation of snow and/or ice upon which the Plaintiff fell; and/or

    g. Failed to take other reasonable and appropriate measures to identify and ameliorate dangerous walking conditions on the premises, including the presence of snow and/or ice upon which the Plaintiff fell.

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW · P.O. BOX 1612 · NEW HAVEN, CT 06506-1612

2

7.      As a direct and proximate result of the aforementioned negligence and carelessness of HOME DEPOT USA, INC., the Plaintiff suffered serious and painful personal injuries, some or all of which may be permanent in nature, including, but not limited to the following:

     a.  Injury to the cervical spine;

     b.  Disc protrusion at C7-T1;

     c.  Injury to the thoracic spine;

     d.  Injury to the left elbow;

     e.  Injury to the left hip; and

     f.  Associated pain and suffering.

8.      As a direct and proximate result of the aforementioned negligence and carelessness of HOME DEPOT USA, INC., the Plaintiff has incurred and will continue to incur in the future expenses for medical care and treatment, including x-rays, diagnostic testing, medication, treatment and therapy, all of which has caused her and will continue to cause him financial loss and damage.

9.      As a direct and proximate result of the aforementioned negligence and carelessness of HOME DEPOT USA, INC., the Plaintiff has suffered mental anguish, frustration and anxiety over the fact that she was and remains injured.

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612

10.     As a direct and proximate result of the aforementioned negligence and carelessness of HOME DEPOT USA, INC., the Plaintiff was prevented from attending to the duties of her occupation, which has caused her financial loss and damage.

11.     As a direct and proximate result of the aforementioned negligence and carelessness of HOME DEPOT USA, INC., the Plaintiff has suffered and will continue to suffer in the future from a decrease in her capacity to engage in and enjoy life's activities as she was able to do prior to the aforementioned fall and resulting injuries.

WHEREFORE, the Plaintiff claims:

1.     Compensatory damages;

2.     Such other relief as the Court deems equitable and just.

THE PLAINTIFF

BY _____
Garrett A. Denniston, Esq.
Lynch, Traub, Keefe & Errante
Juris: 034876
52 Trumbull St
New Haven, CT 06510

The Plaintiff claims damages in excess of the sum of Fifteen Thousand Dollars ($15,000), exclusive of interest and costs.

A TRUE COPY
ATTEST:
ELIZABETH J. OSTROWSKI
CONNECTICUT STATE MARSHAL
AN INDIFFERENT PERSON

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW • P.O. BOX 1612 • NEW HAVEN, CT 06506-1612

4